By the Court.—Curtis, J.
It came very properly within the scope of Mr. Bitch’s professional duties to take measures to liberate the property from the embarrassments arising from these heavy liens, and to prepare the way so that a sale could be consummated ; and *389 ■such appears to have been the nature of his employment by the defendant. The evidence shows no instructions or authority from the defendant to discharge the plaintiff from his employment as the defendant’s broker to sell the property, or even to interfere with such employment in any way. The witness was not a real estate broker or agent. He told the plaintiff he wished to deal with him as the agent of the parties who held the mortgages. The plaintiff appears to have acquiesced in this, and to have represented all the other parties, and to have aided and negotiated in carrying out the arrangement to make the property marketable. The witness states that he told the plaintiff repeatedly, and principally about the time of the sale, that he, the plaintiff, acted no longer in this matter as broker—that he had an adverse interest. But the difficulty is that he seems to have given this notice to the plaintiff without any authority to do so from the defendant; that it was never acquiesced in by the plaintiff, or acted upon by the defendant; that the witness was himself the medium of communication through which the defendant was notified of the result of the plaintiff’s endeavors to find a purchaser, and whose acts in that behalf were accepted and adopted by the defendant without hesitation or question. There is nothing in the conversations with the plaintiff testified to by Mr. Bitch that is inconsistent with the idea that the plaintiff endeavored to facilitate what Mr. Bitch had in view professionally in respect to the liens upon the property, and at the same time continued in good faith rendering his services .as a broker to the defendant to bring about the sale of the premises ultimately effected by him as such.
If the agreement with the defendant is referred to, it will be seen that there is nothing in it that releases the ■defendant from an obligation to pay for the services of Ms broker. That agreement upon its face is limited to the claims or liens upon the lots, except such as are *390 specified in it, and none of those so specified relate to brokerages, nor can it be contended that the latter are in any way claims upon the lots. There is no evidence in the case that shows that the plaintiff intended to render his services as a broker gratuitously to the defendant, or that he relinquished his claim for what might be or become due to him for such services, or that he ceased to be the broker of the defendant to effect such sale from the time the defendant testifies he employed him until he carried through the sale. Nor does it appear that the defendant at any time discharged him from such employment or authorized any one else to do so in his behalf. The plaintiff’s testimony that Mr. Bitch offered to pay him is not controverted by Mr. Bitch. The latter states that he did not offer the plaintiff an extra commission if he would sell this property for an extra sum. This fails to contradict the plaintiff’s statement.
If these views as to the evidence are correct, they dispose of most of the defendant’s exceptions.
There was no evidence that the plaintiff represented an adverse or hostile interest to the defendant, or that Mr. Bitch terminated the plaintiff’s employment as defendant’s broker in June, 1869. On the contrary, the interests of the mortgagees represented by plaintiff were in harmony with the object the defendant had in view, and the plaintiff representing them was auxiliary to its being carried into effect. There was nothing to submit to the jury in respect to Mr. Bitch’s terminating the plaintiff’s employment, as there was no evidence showing it; and if there had been, it would not have availed against the subsequent course of Mr. Bitch and the defendant in accepting, adopting, and ratifying the plaintiff s acts, and delivering him the contract to consummate the sale.
It affords no ground for a new trial that the court de *391 dined to charge the jury on matters in respect to which there was no evidence.
hieither was there error in the refusal to instruct the jury that the silence of the plaintiff at the time of the consummation of the sale on the subject of brokerage was a circumstance to be weighed against his claim. Agents, including brokers, like professional men, are required to exercise their judgment and knowledge as may be most advantageous to those who employ them, so far as is consistent with justice and the welfare of society. In the highest and best exercise of what is thus required and expected of them, embarrassments might arise if they were at the same instant obliged to give notice of their claim for compensation. It would be an unwise as well as a harsh rule of law, that silence in respect to remuneration at such a moment was to be weighed against them. On the contrary, the policy of the law, and the usages of society, have rather tended to regulate and determine their compensation, than to leave it a subject of clamor and contention.
There was no error in the refusal of the court to charge the jury that if the contract was signed with the understanding that all the charges, including the brokerages or commissions, were included in the amount to be paid by defendant, then the plaintiff cannot recover. It neither appeared from the contract itself nor other evidence that plaintiff’s brokerage was so included, and there was no defence of accord and satisfaction, or payment set up in the answer. Under such circumstances, the failure to charge as requested constitutes no reason for a new trial. The court instructed the jury to find whether there was a relinquishment or not by the plaintiff of the commissions, calling their attention to the conversation which Mr. Hitch stated he had with the plaintiff, and which was claimed on the part of the plaintiff to amount to a relinquishment, and also calling their attention in this connection to the contract signed by the *392 plaintiff, so that the defendant appears to have had all he asked for substantially submitted to and passed upon by the jury.
There were exceptions taken by the defendant to the admission of testimony on the trial, but the rulings of the court seem to be correct. To only one of these was attention called upon the argument. The testimony in that instance was properly held to be irrelevant and immaterial, but was not ultimately excluded.
The judgment appealed from should be affirmed, with costs.
Monell and Sedgwick, JJ., concurred.